UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD MARVEL,

                 Petitioner,

vs.                                   Case No.  2:09-cv-759-FtM-29DNF

THE SEC., FL. DEPT. OF CHILDREN
AND FAMILIES,

                 Respondent.
_____

## ORDER OF DISMISSAL

This cause is before the Court on Respondent's Notice of Status of Court Proceeding and Motion to Dismiss (Doc. #15, Motion) filed October 26, 2010, which moots Respondent's Motion to Dismiss Habeas Petition or Change Venue (Doc. #10) filed April 13, 2010. Pursuant to the Court's October 26, 2010 Order (Doc. #14), directing Respondent to file an updated status report, Respondent advises the Court that Petitioner, Edward Marvel, was released on October 15, 2010, from his civil detainment at the Florida Civil Commitment Center ("FCCC") and from the custody of the Florida Department of Children and Families pursuant to a Stipulation entered into between Petitioner, who was represented by counsel, and the State of Florida.  See generally Motion.  A true and correct copy of the Stipulation is attached to Respondent's Motion as Exhibit 3 (Doc. #15 at 5-9).  Consequently, Respondent seeks to

have Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. #1) dismissed as moot.[1]  Motion at 1.

Respondent further notes that, on October 15, 2010, Petitioner was initially ordered by the trial court to be committed to a secure, segregated facility.  Id.; Exh. 1.  Subsequently, the parties stipulated that Petitioner will receive outpatient sex-offender treatment.  Motion at 1.  As long as Petitioner does not violate the terms of the Stipulation, he will not be returned to custody.  Id.  As evidenced by the State court's Order "Releasing [Marvel] and Holding Commitment Order in Abeyance," Petitioner was released from the custody of the Florida Department of Children and Families and the Fourth Judicial Circuit Court's October 15, 2010 order, committing Petitioner to a secure facility, was held in abeyance.  Exh. 2.

The Court agrees that the instant Petition is moot.  Article III of the Constitution restricts the jurisdiction of the federal courts to "cases" or "controversies."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992).  This limitation prohibits courts from considering moot questions because such questions cannot present an active case or controversy, thus, the court lacks subject matter jurisdiction.  U.S. Const. art. III.  Coral Springs

---

[1]At the time Petitioner filed his Petition he was awaiting his civil commitment trial, having been civilly confined at the Florida Civil Commitment Center pursuant to a non-final probable cause order dated November 23, 2004.  See generally Petition.

St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004).  Cases can be rendered moot due to a change in circumstances or a change in law.  Id. at 1328.  When the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party, the case is moot.  Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d. 1276, 1282 (11th Cir. 2004) (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)).  In such circumstances, dismissal is not discretionary but "is required because mootness is jurisdictional.  Any decision on the merits of a moot case or issue would be an impermissible advisory opinion."  Id.

A narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review".  See De La Teja v. United States, 321 F.3d 1357, 1363, n.3 (11th Cir. 2003).  Two conditions must be met for the exception to apply: 1) the challenged action must be of a  "duration too short to be fully litigated prior to its cessation or expiration"; and 2) there must be a "reasonable expectation that the same complaining party would be subjected to the same action again."  Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004)(emphasis added).

The Court finds that the circumstances before the Court do not fall within this narrow exception.  Any claim that Petitioner's release will be revoked in the future would be purely speculative.

Further, the § 2241 Petition challenged Petitioner's five-year plus probable cause civil commitment as a result of the State's failure to hold Petitioner's civil commitment trial.  As evidenced by the instant Motion, the Fourth Circuit Court entered an order of commitment on October 15, 2010, which the Parties agreed to hold in abeyance subject to the Stipulation.  As such, there is no case or controversy for judicial review, the Petition is now moot, and the Respondent's Motion to Dismiss is due to be granted.  <u>See, e.g.</u>, <u>United States v. Dettelis</u>, 372 Fed. Appx. 105, 106 (2d Cir. 2010)(finding defendant's claims regarding pretrial detention moot after being found guilty and placed on supervised release (citing <u>Murphy v. Hunt</u>, 455 U.S. 478, 481-82 (1982))).

ACCORDINGLY, it is now

**ORDERED:**

1.    Respondent's Motion to Dismiss Habeas Petition or Change Venue (Doc. #10) filed April 13, 2010, is **DENIED as moot.**

2.    Respondent's Motion to Dismiss (Doc. #15) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED AS MOOT.**

3.    The **Clerk of Court** is directed to enter judgment accordingly; terminate any pending motions; and, close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___12th___ day of November, 2010.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record